IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE SHERMAN,

       Plaintiff,                    No. CIV S-07-0228 GEB CMK P

    vs.

ROBERT DYNES, et al.,

       Defendants.             FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is proceeding in this civil rights action without counsel and pro se. On March 14, 2007, the court dismissed plaintiff's complaint with leave to amend. On May 15, 2007, plaintiff timely filed an amended complaint. (Doc. 14.)

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff names President of U.C. Regents Robert Daynes and Chancellor of U.C. Davis Larry Vanderhoef as defendants. Plaintiff alleges that defendants were "acting as supervisors & chief policy makers of UC Davis including UCD police. Their edicts, policies, & practices may be accurately claimed to be the official policies and practices of the UC Davis police and other employees of UCD." (Doc. 14 at 1.) Plaintiff alleges violation of his First, Fourth, and Fourteenth Amendment rights stemming from his removal from the U.C. Davis campus. It appears from the complaint that plaintiff's removal from the U.C. Davis campus was due to conditions prohibiting plaintiff from being on the U.C. Davis campus, which were part of a probation condition imposed by the Yolo County Superior Court. (Doc. 14 at 4.) Plaintiff alleges that he is challenging the probation condition through a habeas petition, but he does not allege that habeas relief has been granted or that the underlying sentence has been otherwise invalidated. (Doc. 14 at 4.)

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a decision, or called into question by a federal court's issuance of a writ

of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages which would necessarily invalidate a conviction or sentence is not cognizable under § 1983.  Plaintiff has represented in his complaint that the conviction which lead to his probation conditions has not been invalidated, and, in fact, is currently the subject of an active habeas petition.   Granting relief on plaintiff's complaint would invalidate his probation conditions and his underlying conviction.   The court finds that plaintiff fails to state a cognizable civil rights complaint.   Moreover, at this point, it appears that further amendment would be futile.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

Based on the foregoing, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE