IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SHERMAN, | 2:07-cv-0228-GEB-CMK-P |
|     Plaintiff, | |
|  vs. | ORDER |
| ROBERT DYNES, et al., | |
|     Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's "Motion to Alter Judgment" (Doc. 22) filed on July 19, 2007.  The court will construe this "motion" as a request under Federal Rule 60(b).

       This case was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.  On March 14, 2007, the magistrate judge issued an order dismissing plaintiff's complaint with leave to amend within 30 days.  Plaintiff requested reconsideration of this order, and the order was affirmed on April 23, 2007.  Plaintiff then filed his amended complaint on May 15, 2007.  The magistrate judge then issued findings and recommendations recommending that this action be dismissed for failure to state a claim upon

1

which relief can be granted. The basis for this recommendation was that granting relief on plaintiff's complaint would invalidate his probation conditions and his underlying conviction. After reviewing plaintiff's objections to the findings and recommendations, the undersigned issued an order adopting the findings and recommendations in full, dismissing the action and directing that judgment be entered and the case closed.

Rule 60(b) allows the court to relieve a party from a final judgment for limited reasons, including: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). In this case, plaintiff does not set forth any claims of mistake, inadvertence, surprise or excusable neglect, any newly discovered evidence or fraud, nor does he claim the judgment is void or the judgment has been satisfied. In fact, plaintiff specifically states that the underlying probation conditions are still the subject of an ongoing habeas petition pending in state court. Because petitioner has not shown that the probation conditions complained of have been invalidated, the court's judgment remains correct.

Therefore, IT IS HEREBY ORDERED that plaintiff's motion to alter judgment (Doc. 22) is DENIED.

Dated: August 30, 2007

GARLAND E. BURRELL, JR.
United States District Judge